## RAND & a. *vs.* DODGE & a.

At common law, tenants in common must sever in a real action ; and if they join, in this state the defect is fatal, and cannot be remedied.

There is no statute in this state which authorizes an amendment in such case.

WRIT OF ENTRY, brought by the demandants, as tenants in common of certain real estate.

The tenant moved for a nonsuit, contending that the defect was fatal, and could not be amended.

*Livermore,* for the demandants.

*Goodall,* for the tenants.

GILCHRIST, J.* There is no provision by statute in this state which will enable the demandants to obviate the objection taken by the tenants.

The act of January 5, 1833, applies only to cases where there are other defendants who shall have been made parties to the suit ; and the second section provides merely that when a feme sole, plaintiff, shall marry pending the suit, the writ shall not abate, but the husband may become a party thereto.

The act of July 4, 1834, provides that when any of the defendants are not liable, and ought not to have been joined in the action, the suit shall not abate, but they may be discharged, and the suit prosecuted to judgment against the defendants who are properly parties.

There is nothing, then, in these acts which applies to this case, and we have no other legislation relating to defects of this character.

It is well settled at common law, that tenants in common must sever in real actions, because they have several freeholds, and claim by several titles. *Co. Litt.* 195, *b. ; Hammond on Parties to Actions*, 251 ; and the case of *Pickett* vs. *King*, 4 *N. H. Rep.* 212, decides that, in this state, the defect is fatal, and cannot be amended by striking out the name of one of the demandants.

*Demandants nonsuit.*

---

* WOODS, J., having been of counsel, did not sit.